# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO ENGLISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 19-1093-JBM |
| | ) |
| . HENDRICK, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging that wardens and staff at the Pontiac Correctional Center ("Pontiac") have violated his Eighth Amendment rights by refusing to place him in protective custody. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that Defendants have failed to protect him by denying him protective custody placement. Plaintiff asserts that he has a history of conflict with the "Vice Lords, G-D's and Stones." Plaintiff is not a gang member, but on an unidentified date in 2012, gave a

statement against the gangs and "the conflict never ends." Plaintiff discloses that in 2012 he was attacked by three inmates and was thereafter placed in protective custody. Plaintiff does not disclose when he was released from protective custody but asserts that Defendants are deliberately indifferent for not returning him there.

Plaintiff alleges that on July 26, 2018 he was under investigative status and, for reasons not particularly specified, wanted that day, to fill out a protective custody request form. He asked Defendant Counselor Keller to allow him to access his property so he could provide identifying information as to his known enemies. Defendant Keller refused to do so and told Plaintiff to fill out the form as best he could and submit to Internal Affairs. On August 28, 2018, Plaintiff met with Internal Affairs Officer Hendrick who proceeded with the protective custody interview, despite Plaintiff not having his list of enemies. Plaintiff was denied protective custody and asserts that this was due to Defendants Keller and Hendrick not allowing him access to the necessary information.

Plaintiff alleges, without pleading any specific facts, that one or all of the Wardens, Kennedy, Ruskin and French, denied him protective custody. On September 24, 2018, Plaintiff met with Defendant Amy Burtle of the Administrative Review Board ("ARB"). He gave her a list of his known enemies but does not believe that she recorded the information or entered it into the computer. Plaintiff claims, furthermore, that Ms. Burrell's report of the meeting was inaccurate as she claimed that he feared for his life. Plaintiff pled, "you do not have to fear for your life to get approved protective custody. I never said, I fear for my life. Amy just tries to shame a prisoner." Plaintiff's real fear is that if he is assaulted, he will be determined to be a participant and will lose good time credit, postponing his release. Plaintiff asserts that Defendant

Burtle did not do her job when she refused him protective custody and when she failed to accurately recount their interview.

In support of his claim to risk of danger Plaintiff asserts only the 2012 incident and an incident of more recent vintage. He pleads that on September 4, 2018, inmates Steven Taylor and Dominique Brown spit on him. Plaintiff does not provide any other information and does not claim that either is a member of the gangs with whom he claims to have issues. Furthermore, this event took place some months after his July 2018 request for protective custody placement.

It is recognized that prison officials have a duty to take reasonable steps to protect inmates from a "substantial risk of serious harm" at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "But *liability* of a jail officer for failure to protect an inmate only materializes if the officer knew the inmate faced a 'substantial risk of serious harm' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). This is so even if, as here, no injury occurred. *Wright v. Miller*, 561 Fed. Appx. 551, 555 (7th Cir. 2014). The threat, however, must be a "credible threat to kill, or to inflict any other physical injury." *Dobbey v. Ill. Dep't of Corr.,* 574 F.3d 443, 446 (7th Cir.2009). It is not enough if Plaintiff makes only general claims and does not articulate a "specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991*). See also, Dale v. Poston*, 548, 563, 569 (7th Cir. 2008)(inmate's vague reports of threats were insufficient to support inference that defendants were objectively aware of substantial risk).

Plaintiff's complaint of having been attacked seven years prior is not enough to support a credible on-going threat of serious harm. This particularly, Plaintiff has clearly pled that he does not fear for his life, but only fears that his sentence will be lengthened if he is involved in a fight.

3

As Plaintiff fails to identify any facts to establish that Defendants were aware of a credible risk to his safety and were deliberately indifferent to it, his complaint is DISMISSED. He will be given an opportunity, however, to replead within 30 days.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

6/27/2019
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE